IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY W. ELKINS, JR., <br> No.Y24242, <br><br> Petitioner, <br><br> vs. <br><br> PEOPLE OF THE STATE OF ILLINOIS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 18−cv–1342-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 2, 2018, Petitioner Timothy W. Elkins, Jr., who is currently incarcerated at Vienna Correctional Center, filed this Petition pursuant to 28 U.S.C. § 2254. Elkins seeks to challenge his 2017 Illinois state conviction (Madison County Circuit Court No. 17-cf-320) on multiple grounds (ineffective assistance of counsel, innocence, and invalid guilty plea).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. After carefully reviewing the Petition, the Court concludes that it must be dismissed.

**Background**

On September 1, 2017, Elkins pled guilty to involuntary manslaughter and child endangerment. (Case No. 17-cf-320). (Doc. 1, p. 1). He was sentenced to 6 years' imprisonment on the same date. *Id.*

On February 21, 2018, Elkins filed a motion for post-conviction relief with the trial court. (Doc. 1, p. 3). According to the Petition, the motion challenges the subject conviction on several

1

grounds, including ineffective assistance of counsel, innocence, and invalid guilty plea. (Doc. 1, pp. 3-4). The motion is still pending. (Doc. 1, p. 3). A review of the docket sheet in the subject criminal proceedings indicates that on July 11, 2018, the post-conviction motion survived preliminary review. Accordingly, the trial court appointed counsel for Petitioner and directed the government to respond. The matter is currently set for a status hearing on August 28, 2018.

## Discussion

Elkins currently has a post-conviction motion pending raising the same claims at issue in the instant Petition. If the trial court were to grant that motion and set aside Elkins' guilty plea, the criminal matter would clearly be ongoing and this case would be barred by the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

The *Younger* abstention doctrine is implicated here because the ongoing proceeding is judicial in nature and involves the important state interest of adjudicating whether Elkins' guilty plea should be set aside. Further, there is no indication that the state proceedings would not provide Elkins with an adequate opportunity for review of any constitutional claims. Finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

## **DISPOSITION**

The Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The ongoing adjudication of Petitioner's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter.

Should Petitioner desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a Petitioner need not show that his appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he has a pending post-conviction motion challenging his guilty plea and the Court should abstain from intervening. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: July 31, 2018**

s/ STACI M. YANDLE  
United States District Judge